Raymond CRAWFORD, Appellant,

v.

Norma McMILLEN, Respondent.

No. KCD 30141.

Missouri Court of Appeals,
Western District.

June 11, 1979.

Jimmie D. James, David G. Sperry, James & Sperry, A Professional Corporation, Independence, for appellant.

Austin B. Speers, Speers & Slyter, Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

PER CURIAM.

This case, tried to the Court, ended in a judgment in favor of defendant (respondent) and an appeal by plaintiff (appellant).

Appellant's action against respondent sounded in two counts—one, for recovery of money ($1,600.00) loaned to respondent, and two, for recovery of the reasonable value ($249.03) of certain materials and services provided and performed by appellant on behalf of respondent. The position of appellant on appeal—error on the part of the trial court in rejecting his claims in that doing so was against the greater weight of the evidence—finds its nemesis in the record and the applicable law to which it is subject.

Appellant's testimony took the following course: he was a divorced person and casual acquaintance of respondent; he loaned respondent $1,600.00 in money and provided materials and performed certain services on respondent's behalf of the reasonable value of $249.03, all of which respondent promised to repay and pay for. Respondent's testimony took the following course: she was a widow with whom appellant became enamored; the $1,600.00 in money and materials and services of the reasonable value of $249.03 were gifts, pure and simple. Confronted with these conflicting versions of the financial entanglements which prompted the litigation, the trial judge found in favor of respondent and against appellant under both counts of appellant's petition.

This court has no choice but to defer to the trial court's assessment of the credibility of the witnesses and to yield to the command of *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), and affirm the judgment of the trial court because it cannot be said to lack substantial evidence to support it, or to be against the weight of the evidence, or to erroneously declare or apply the law.

As an extended opinion in this case would have no precedential value, the judgment of the trial court is affirmed in accordance with Rule 84.16(b).

Judgment affirmed.